[No. 1538.]

## CROCKER v. BURNS.

1. CHATTEL MORTGAGE — REPLEVIN—OWNERSHIP — PLEADING AND
   PROOF.
In an action of replevin based upon a chattel mortgage, an allegation
   that plaintiff is the owner of the chattels is supported by proof of
   the chattel mortgage, and of condition broken.

2. CHATTEL MORTGAGE—ASSIGNMENT OF NOTE.
The assignment of a note secured by a chattel mortgage carries with it
   the security without any separate assignment of the chattel mort-
   gage.

3. CHATTEL MORTGAGE—POSSESSION—DILIGENCE.
A mortgagee in a chattel mortgage is allowed a reasonable time to take
   possession of the mortgaged chattels upon default in payment of
   the note, and what is a reasonable time and proper diligence depend
   largely upon the circumstances of each case.

4. SAME.
The preservation of the mortgagee's rights does not depend upon taking
   actual possession of the chattels mortgaged upon default in pay-
   ment of the debt.   Where demand for possession is made and re-
   fused, he cannot forcibly take possession, but is required only to
   invoke and put in motion the machinery of the law provided for
   obtaining possession of property wrongfully withheld.

5. SAME.
Where the mortgagee in a chattel mortgage brought suit in replevin
   before a justice of the peace which was dismissed for want of juris-
   diction, a delay of two days in making demand and instituting a
   new suit of replevin was not such want of diligence as would for-
   feit the rights of the mortgagee in favor of an execution creditor
   who levied on the property in the mean time.

6. EVIDENCE—PRESUMPTIONS.
In a trial to the court where there is sufficient competent evidence to
   support the findings, it will be presumed that the court considered
   only competent evidence, although some incompetent evidence was
   admitted.   ·

*Appeal from the District Court of Arapahoe County.*

Messrs. McINTYRE & BRAY, for appellant.

Mr. DANIEL C. BURNS, *pro se.*

Messrs. TALBOT, DENISON & WADLEY, for appellee.

WILSON, J.

The material facts in this case so far as can be gathered from the record, which is not very full and complete, are the following: Dr. A. J. Beavis being indebted to Charles Denison in the sum of $350, as evidenced by his promissory note, to secure the payment of the same executed a chattel mortgage upon a lot of medical books, surgical instruments, and office furniture. Subsequently, before its maturity, Denison assigned the note to plaintiff Burns. Upon the maturity of the debt, payment not being made, plaintiff demanded possession of the mortgaged chattels, and failing to secure them, promptly instituted a replevin suit against Beavis before a justice of the peace. The writ was executed, but the defendant gave a forthcoming bond, and retained possession of the goods. The case coming on for trial, and the evidence being submitted, the justice of the peace took the matter under advisement. In a few days thereafter, on January 28, 1896, the justice rendered judgment, dismissing the suit on the ground that the weight of the evidence showed the chattels to be of such a value as exceeded his jurisdiction. As to whether plaintiff was present when this judgment was rendered, we are not advised by the record. Thereafter, however, and on the same day, the defendant Beavis and his attorney appeared at the office of another justice a few blocks distant, and before him defendant Beavis confessed judgment in favor of one A. B. Sullivan for the sum of $200, his attorney testifying in behalf of Sullivan. Execution was immediately issued and delivered to defendant Crocker, a constable, and the same officer who had served the writ of replevin a few days previously in the suit of plaintiff Burns for possession. About 5 o'clock on the same afternoon, defendant by virtue of it made what he claimed to be a levy upon the chattels covered by the chattel mortgage to Denison. There is a very serious question as to whether this pretended levy was a valid and legal one, and as to whether by virtue

thereof defendant acquired possession of the property as against this plaintiff, but in the view which we take of this case, this is immaterial and will not be discussed.

On January 30, plaintiff demanded possession of the goods from defendant Crocker, and upon his refusal to surrender them, on the next day instituted this suit in replevin in the county court. Judgment was there rendered in favor of plaintiff, and upon defendant's appeal to the district court, plaintiff again prevailed. From this latter judgment, defendant brings the case here on appeal.

Defendant claims that the allegation in the complaint that plaintiff was the owner of the property was an allegation of absolute ownership and was not supported by the evidence, which he contends showed special ownership by virtue of the chattel mortgage. On condition broken, the legal title to the chattels covered by a chattel mortgage becomes absolute in the mortgagee. *Newman v. People, etc.,* 4 Colo. App. 50; Jones on Chattel Mortgages, § 699. Especially is this the case where as in this instance the mortgagee had possession of the mortgaged property after forfeiture. He must be held to have had such possession by virtue of the execution of the writ of replevin issued by the justice. He was deprived of the actual continued custody only by the giving of the forthcoming bond, which was the statutory privilege of the defendant. Under these circumstances, whatever rights accrued to plaintiff by virtue of taking possession after forfeiture remained with him unless surrendered or abandoned by him voluntarily, or lost through some negligence or default of his. In any event, if plaintiff's title had been only that of special ownership, the statute does not require him to set forth the full character of his ownership, and we think that under such an allegation as this complaint contained, evidence of special ownership would have been admissible. The gist of the action was to determine in whom was the right to possession,—the plaintiff seeking to recover possession of property which was alleged to be unlawfully withheld from him by defendant.

Defendant also urges that plaintiff could not maintain the action in replevin because the mortgage itself had not been assigned to him. Whether this be true or not we do not know and cannot ascertain from the record, but it is immaterial. It is elementary and has been repeatedly held by both of the appellate courts of this jurisdiction that the assignment of a note carries with it its mortgage security. The debt is the principal thing and the mortgage an incident only. It is unquestioned in this case that the note was assigned to plaintiff, and he thereupon immediately succeeded to all the rights of the original mortgagee in the mortgage.

It is most strenuously insisted by defendant, however, that the plaintiff as against the execution creditor, Sullivan, forfeited all rights which he had under the mortgage by a failure to take possession of the mortgaged property upon default being made in the payment of the note. A mortgagee is not required in order to preserve his rights to take possession of the property at the very instant when the default and forfeiture is made. He is allowed a reasonable time within which to do it, and what is a reasonable time and proper diligence depend very largely upon the circumstances connected with each particular case. It is a question both of law and of fact. *Allen v. Steiger*, 17 Colo. 555; Jones on Chattel Mortgages, § 370. Neither is the preservation of the mortgagee's rights dependent upon the actual taking of possession. Where demand is made and possession is refused, he is not permitted to take the law into his own hands and forcibly secure possession. He is required only in such case to invoke and put in motion the machinery of the law provided for the obtaining of possession where it is wrongfully withheld. This was certainly done by the plaintiff in this instance, and there can be no reasonable claim of want of proper diligence prior to the time when the judgment of dismissal was rendered by the justice. We are not advised as to what evidence was given in the trial before the justice as to the value of the goods, and in its absence we cannot assume that it showed this to be so grossly in excess of the value limiting the jurisdiction of

the justice as to raise even a presumption that the institution of this suit before a justice showed a want of diligence. *Allen v. Steiger*, cited above, showed a stronger state of facts than this case for the application of defendant's doctrine, and yet it was not there held that the plaintiff had forfeited any of his rights under the mortgage by want of diligence. In that case, the plaintiff instituted suit and recovered judgment before a justice. The defendant appealed to the county court, and whilst the case was pending there, the plaintiff, conceiving that by virtue of the limited jurisdiction of the justice the full value of the property could not be recovered in the suit, voluntarily asked and was permitted by the court to dismiss the cause. After dismissal, the plaintiff instituted a new suit in a court of record, and obtained judgment.

It is insisted, however, that in any event the failure to commence the suit immediately upon dismissal by the justice showed a want of diligence on the part of plaintiff, and worked a forfeiture of his rights as against the execution creditor. It does not appear from the record whether or not the plaintiff was present or represented in the justice court at the time when the judgment of dismissal was rendered, nor when he acquired knowledge of it. Upon trial in the district court both the law and the facts as to diligence were found in favor of the plaintiff. Under any circumstances, a finding as to facts not being manifestly against the weight of the evidence, it would not be disturbed by this court, but especially is this true when, as in this case, the finding seems to have been supported by the weight of the evidence, so far as the attending circumstances are disclosed by the record. The delay of two days in the making of the new demand upon the constable and instituting a new suit is not of itself sufficient to raise a presumption of want of diligence, and it would certainly not be reasonable to hold the plaintiff to such extraordinary diligence as to have required him to have commenced a suit in replevin immediately after the judgment of dismissal and upon the same day. From the extraordinary haste which appears to have been shown by the mortgagor

and his attorney, we doubt whether the plaintiff could have possibly prepared his complaint, affidavit and bond in replevin before the judgment had been rendered in favor of the other creditor, and the execution levied upon the property.   We do not see how defendant in this case can avail himself of the lapse of any time after he levied the execution to assert a want of diligence on the part of the plaintiff.   In other words, it would be unreasonable to have required the plaintiff to have commenced his suit on the day of the dismissal in the justice court, and before the hour when defendant attempted to levy the execution in his hands, and the latter cannot reasonably complain of the time which elapsed thereafter, this time not being so great as of itself to raise a presumption that it was an unreasonable delay.

Defendant also assigns error upon the admission of certain evidence.   We do not deem it necessary to discuss this in detail.   Conceding that some of the evidence may have been incompetent, there was enough competent to sustain the findings, and trial being to the court, it will be presumed that the court in making its findings rejected all evidence that was inadmissible and considered only that which was competent.

We think that the judgment was right, and it will be affirmed.

*Affirmed.*